UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.

DONALD B. FLANAGAN, JR.,
    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC., JOHN DOE 1, JOHN DOE 2, JOHN DOE 3 and JOHN DOE 4,
    Defendants.

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Donald B. Flanagan, Jr. ("Plaintiff"), for his complaint in this action, alleges as follows:

**Parties**

1. Plaintiff Donald B. Flanagan, Jr. is an individual with a residence at 16 Shasta Drive, North Reading, Middlesex County, Massachusetts.

2. Defendant Marriott International, Inc. ("Marriott") is a Delaware Corporation with a principal place of business located at 10400 Fernwood Road, Bethesda, Maryland.

3. Upon information and belief, Defendant John Doe 1 is an individual with a residence in Texas.

4. Upon information and belief, Defendant John Doe 2 is an individual with a residence in Texas.

5. Upon information and belief, Defendant John Doe 3 is an individual with a residence in Texas.

6. Upon information and belief, Defendant John Doe 4 is an individual with a residence in Texas.

### Jurisdiction and Venue

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332(a)(1) as there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue exists in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b). Defendant Marriott is subject to the court's personal jurisdiction because it has a usual place of business in this district, transacts business within this district, contracts to supply services and/or things within this district, regularly does or solicits business in this district, engages in a persistent course of conduct within the district, derives substantial revenue from services rendered in this district, has an interest in and/or possesses real property in this district, and has a registered agent for service of process in this district.

### Facts Common to All Counts

9. Upon information and belief, at all times relevant herein Marriott owned, operated and/or managed a hotel known as the San Antonio Marriott Rivercenter, located at 101 Bowie Street, San Antonio, Texas (hereinafter, the "Hotel").

10. Upon information and belief, at all times relevant herein John Doe 1, John Doe 2, John Doe 3 and John Doe 4 (collectively, the "John Does") were agents, servants and/or employees of Marriott.

11. On or about November 2-3, 2010, Plaintiff was a guest of the Hotel and was lawfully on the premises.

12. While a guest of the Hotel, one or more agents, servants and/or employees of Marriott granted Plaintiff access to a guest room that, unbeknownst to Plaintiff, was not his assigned room.

13. As a result of Plaintiff being granted access to a guest room that, unbeknownst to him, was not his assigned room, Plaintiff was assaulted and battered by two individuals who were also guests of the Hotel.

14. Following the assault, one or more agents, servants and/or employees of Marriott, including but not limited to the John Does, entered the guest room that Plaintiff had been granted access to and understood was his assigned room. The individuals entered the room, which was locked, without Plaintiff's consent and over his objection, by kicking the door in.

15. Upon entering the room, the agents, servants and/or employees of Marriott, including but not limited to the John Does, dragged Plaintiff, who was wearing only his underwear, into the common hallway where they physically assaulted him.

16. Following the assault, the agents, servants and/or employees of Marriott, including but not limited to the John Does, caused Plaintiff to be unlawfully arrested, incarcerated and prosecuted.

17. As a result of the acts and omissions of the agents, servants and/or employees of Marriott, including but not limited to the John Does, Plaintiff was caused to suffer serious physical injury requiring medical treatment including surgery, pain and suffering, emotional distress, permanent scarring, permanent impairment and disability, and has incurred and will continue to incur attorneys' fees and costs, medical bills, lost wages and lost earnings.

**COUNT I**
**(Negligence - Marriott International, Inc.)**

18. Plaintiff repeats and realleges paragraphs 1 through 17 as if fully stated herein.

19. Marriott owed Plaintiff a duty of reasonable care to provide him with safe accommodations.

20. Marriott, its agents, servants and/or employees breached its duty of care to Plaintiff by virtue of the following acts, omissions and/or conduct:

    a. failure to adequately and properly select and hire its employees;

    b. failure to adequately and properly retain its employees;

    c. failure to adequately and properly train its employees;

    d. failure to adequately and properly supervise its employees;

    e. failure to provide adequate security for its guests, including Plaintiff;

    f. failure to take appropriate and reasonable actions to protect Plaintiff from unreasonable and foreseeable harm;

    g. granting Plaintiff access to a guest room assigned to another guest;

    h. assaulting and battering Plaintiff; and

    i. failing and/or refusing to assist Plaintiff and come to his aid once he was injured and required medical care.

21. As a direct and proximate result of Marriott's negligent acts, conduct and/or omissions as set forth above, Plaintiff suffered injuries and damages.

22. Specifically, Plaintiff was caused to suffer and continues to suffer serious physical injury requiring medical treatment including surgery, pain and suffering, emotional distress, permanent scarring and permanent impairment and disability, and has incurred and will continue to incur attorneys' fees and costs, medical bills, lost wages and lost earnings.

### COUNT II
### (Unlawful Invasion of Privacy - Marriott International, Inc.)

23. Plaintiff repeats and realleges paragraphs 1 through 22 as if fully stated herein.

24. Marriott, its agents, servants and/or employees, intentionally interfered with and/or intruded on Plaintiffs' right to privacy and seclusion.

25. Such interference and/or intrusion was unreasonable, serious, substantial and highly offensive.

26. Such interference and/or intrusion caused Plaintiff to suffer injury and damages.

27. Specifically, Plaintiff was caused to suffer and continues to suffer serious physical injury requiring medical treatment including surgery, pain and suffering, emotional distress, permanent scarring, and permanent impairment and disability, and has incurred and will continue to incur attorneys' fees and costs, medical bills, lost wages and lost earnings.

## COUNT III
### (Vicarious Liability - Marriott International, Inc.)

28. Plaintiff repeats and realleges paragraphs 1 through 27 as if fully stated herein.

29. The John Does were agents, servants and/or employees of Marriott.

30. Plaintiff was lawfully on Marriott's premises.

31. The John Does unlawfully assaulted and battered Plaintiff, causing physical injury and damages.

32. The John Does were acting within the scope of their employment with Marriott when they assaulted and battered Plaintiff.

33. The John Does acted on behalf of Marriott when they assaulted and battered Plaintiff.

34. Marriot is vicariously liable for the conduct, acts and/or oomissions of the John Does.

## COUNT IV
### (Assault and Battery – John Doe 1)

35.     Plaintiff repeats and realleges paragraphs 1 through 34 as if fully stated herein.

36.     John Doe 1 was an agent, servant and/or employee of Marriott.

37.     Plaintiff was lawfully on Marriott's premises.

38.     John Doe 1 violently pushed, shoved, choked, punched, kicked and stomped on Plaintiff, and pulled his arm behind his back, all against his will, causing serious physical injury and damages.

## COUNT V
### (Unlawful Invasion of Privacy - John Doe 1)

39.     Plaintiff repeats and realleges paragraphs 1 through 38 as if fully stated herein.

40.     John Doe 1 intentionally interfered with and/or intruded on Plaintiffs' right to privacy and seclusion.

41.      Such interference and/or intrusion was unreasonable, serious, substantial and highly offensive.

42.     Such interference and/or intrusion caused Plaintiff to suffer injury and damages.

43.     Specifically, Plaintiff was caused to suffer and continues to suffer serious physical injury requiring medical treatment including surgery, pain and suffering, emotional distress, permanent scarring, and permanent impairment and disability, and has incurred and will continue to incur attorneys' fees and costs, medical bills, lost wages and lost earnings.

## COUNT VI
### (Assault and Battery – John Doe 2)

44.     Plaintiff repeats and realleges paragraphs 1 through 43 as if fully stated herein.

45.     John Doe 2 was an agent, servant and/or employee of Marriott.

46.     Plaintiff was lawfully on Marriott's premises.

47. John Doe 2 violently pushed, shoved, choked, punched, kicked and stomped on Plaintiff, and pulled his arm behind his back, all against his will, causing serious physical injury and damages.

### COUNT VII
### (Unlawful Invasion of Privacy - John Doe 2)

48. Plaintiff repeats and realleges paragraphs 1 through 47 as if fully stated herein.

49. John Doe 2 intentionally interfered with and/or intruded on Plaintiffs' right to privacy and seclusion.

50. Such interference and/or intrusion was unreasonable, serious, substantial and highly offensive.

51. Such interference and/or intrusion caused Plaintiff to suffer injury and damages.

52. Specifically, Plaintiff was caused to suffer and continues to suffer physical injury requiring medical treatment including surgery, pain and suffering, emotional distress, permanent scarring, and permanent impairment and disability, and has incurred and will continue to incur attorneys' fees and costs, medical bills, lost wages and lost earnings.

### COUNT VIII
### (Assault and Battery – John Doe 3)

53. Plaintiff repeats and realleges paragraphs 1 through 52 as if fully stated herein.

54. John Doe 3 was an agent, servant and/or employee of Marriott.

55. Plaintiff was lawfully on Marriott's premises.

56. John Doe 3 violently pushed, shoved, choked, punched, kicked and stomped on Plaintiff, and pulled his arm behind his back, all against his will, causing serious physical injury and damages.

## COUNT IX
### (Unlawful Invasion of Privacy - John Doe 3)

57. Plaintiff repeats and realleges paragraphs 1 through 56 as if fully stated herein.

58. John Doe 3 intentionally interfered with and/or intruded on Plaintiffs' right to privacy and seclusion.

59. Such interference and/or intrusion was unreasonable, serious, substantial and highly offensive.

60. Such interference and/or intrusion caused Plaintiff to suffer injury and damages.

61. Specifically, Plaintiff was caused to suffer and continues to suffer physical injury requiring medical treatment including surgery, pain and suffering, emotional distress, permanent scarring, and permanent impairment and disability, and has incurred and will continue to incur attorneys' fees and costs, medical bills, lost wages and lost earnings.

62. Such interference and/or intrusion caused Plaintiff to suffer injury.

## COUNT X
### (Assault and Battery – John Doe 4)

63. Plaintiffs repeat and reallege paragraphs 1 through 62 as if fully stated herein.

64. John Doe 4 was an agent, servant and/or employee of Marriott.

65. Plaintiff was lawfully on Marriott's premises.

66. John Doe 4 violently pushed, shoved, choked, punched, kicked and stomped on Plaintiff, and pulled his arm behind his back, all against his will, causing serious physical injury and damages.

## COUNT XI
### (Unlawful Invasion of Privacy - John Doe 4)

67. Plaintiff repeats and realleges paragraphs 1 through 66 as if fully stated herein.

68. John Doe 4 intentionally interfered with and/or intruded on Plaintiffs' right to privacy and seclusion.

69. Such interference and/or intrusion was unreasonable, serious, substantial and highly offensive.

70. Such interference and/or intrusion caused Plaintiff to suffer injury and damages.

71. Specifically, Plaintiff was caused to suffer and continues to suffer physical injury requiring medical treatment including surgery, pain and suffering, emotional distress, permanent scarring, and permanent impairment and disability, and has incurred and will continue to incur attorneys' fees and costs, medical bills, lost wages and lost earnings.

**WHEREFORE**, Plaintiff prays:

**A.** That judgment enter in Plaintiff's favor, as appropriate, on all Counts of the Complaint, in such amount as the Court shall deem warranted;

**B.** The Court award Plaintiff his costs and attorneys' fees in this action; and

**C.** For such other and further relief as the Court may deem just.

**Demand for Trial by Jury**

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE BY A JURY.**

        Plaintiff,
        DONALD B. FLANAGAN, JR.,
        By His attorneys,

*/s/ Kelly Martin Malone*
Michael F. Flaherty, (BBO # 632435)
Kelly Martin Malone (BBO # 640048)
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street
Boston, MA 02110
(617) 482-0600

Dated: November 1, 2012

*627063*