UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-12046-GAO

DONALD B. FLANAGAN, JR.,
Plaintiff,

v.

MARRIOTT HOTEL SERVICES, INC., JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4,
Defendants.

OPINION AND ORDER
May 23, 2013

O'TOOLE, D.J.

This is a personal injury case arising from events that occurred in November 2010 at the

Marriott Riverwalk Hotel in San Antonio, Texas. The defendant Marriott Hotel Services, Inc.,

("Marriott") has moved to transfer the case to the Western District of Texas pursuant to 28

U.S.C. § 1404(a).

A district court has the authority to "transfer any civil action to any other district where it

may have been brought '[f]or the convenience of parties and witnesses, in the interest of

justice.'" Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (quoting 28 U.S.C. §

1404(a)). The plaintiff concedes that venue would be proper in the Western District of Texas, as

it is the "judicial district in which a substantial part of the events . . . giving rise to the claim

occurred . . . ." 12 U.S.C. § 1391(b)(2).

The plaintiff's choice of forum is entitled to a "strong presumption." Coady, 223 F.3d at

11. However, Marriott has convincingly argued that the circumstances support transfer

notwithstanding that presumption. First, this district's connection to the dispute is limited to the

facts that the plaintiff lives here and has hired Massachusetts counsel. In contrast, the events at

issue in this action occurred entirely in the Western District of Texas, and most of the relevant evidence is likely located there.

In particular, the convenience of the witnesses warrants transfer. When considering this factor, a court considers "the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify." Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006) (citing Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 18 (D. Mass. 1991)). Here Marriott has identified eleven potential witnesses, all of whom reside in Texas. According to Marriott's representation, all eleven witnesses – three police officers, six Marriott employees, and two Marriott guests – will offer evidence as percipient witnesses to the events at issue. All eleven witnesses are beyond this Court's subpoena power. Six are Marriott employees, and as to them Marriott could probably produce their appearance at a trial in this district. However, the remaining five cannot be compelled to testify here, and presumably during discovery they will have to be deposed in Texas. Moreover, if the trial were to be held here, their testimony would likely be presented by deposition, rather than live testimony, which would be possible in Texas and which is preferable in the interest of justice.

For these reasons, transfer to the Western District of Texas would fulfill the purpose of 28 U.S.C. § 1404(a), which is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotations omitted). Accordingly, Marriott's Motion (dkt. no. 14) is GRANTED. This case shall be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge